IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: SUBPOENA TO BANDWIDTH INC. N-19-1-196 (Control #1690) | Case No. |

**APPLICATION FOR ORDER COMMANDING BANDWIDTH INC.
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA**

The United States requests that the Court order Bandwidth Inc ("Bandwidth") not to notify any person (including the subscribers and customers of the account(s) listed in the below-referenced subpoena) of the existence of the subpoena for 365 days.

Bandwidth is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the subpoena (N-19-1-196, Control #1690, which will be made available for the Court's inspection but will not be filed on the docket), which requires Bandwidth to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id.

In this case, such an order would be appropriate because the subpoena relates to an ongoing threat investigation that is neither public nor known to any of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation, including by: giving targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety

of an individual. See 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Bandwidth not to disclose the existence or content of the subpoena, except that Bandwidth may disclose the subpoena to an attorney for Bandwidth for the purpose of receiving legal advice.

Executed on January 7, 2021

HENRY K. KOPEL
Assistant United States Attorney
Federal Bar No. ct24829
United States Attorney's Office
157 Church Street – 25th Floor
New Haven, CT  06510
Henry.Kopel@usdoj.gov
